**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

DESTIN WILLIAM and KIM
WILLIAMS, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

THE CITY OF ORANGE BEACH,
ALABAMA, et al.,

      Defendants.

CIVIL ACTION NO.:  1:19-cv-00739

## <u>NOTICE OF REMOVAL</u>

COME NOW Defendants, The City of Orange Beach, Alabama, a Municipal Corporation; the City Council of The City of Orange Beach, Alabama, Jerry Johnson, Joni Blalock-Costo, Annette Mitchell, Jeffrey Boyd, and Jeff Silvers, in their representative capacities as Members of the City Council of The City of Orange Beach, Alabama; and Tony Kennon, in his capacity as Mayor of The City of Orange Beach, Alabama, and hereby give notice of removal this action from the Circuit Court of Baldwin County, Alabama to United States District Court for the Southern District of Alabama, Southern Division, on the following grounds:

1. On or about August 30, 2019, Plaintiffs Destin William and Kim Williams, on behalf of themselves and all others similarly situated, filed suit in the Circuit Court of Baldwin County, Alabama, against Defendants The City of Orange Beach, Alabama, The City Council of the City of Orange Beach, Alabama, Jerry Johnson, Joni Blalock-Costo, Annette Mitchell, Jeffrey Boyd, and Jeff Silvers, in their representative capacities as Members of

the City Council of The City of Orange Beach, Alabama, and Tony Kennon, in his capacity as Mayor of The City of Orange Beach, Alabama in Civil Action No. 05-CV-2019-901267.00.  In the Complaint, the Plaintiffs allege inverse state and federal takings, a violation of Section 223 of the Constitution of Alabama (1901), a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, unconstitutional condition and due process, unlawful tax, a violation of the 2006-300 Act, and assumpsit and unjust enrichment.  Plaintiffs seek to have the proposed class certified, an award of attorneys' fees, the imposition of a constructive trust, refunds to plaintiffs and proposed class members, and the issuance of declaratory and injunctive relief.

2.    Plaintiffs allege three federal question causes of action.  The first federal cause of action alleges a violation of the Fifth Amendment to the United States Constitution.  Plaintiffs claim that the actions of Defendants constitute a deprivation of the rights, privileges, and immunities secured to Plaintiffs and the proposed class under the Fifth Amendment to the United States Constitution in that requiring impact fees without legal authority constitutes an "inverse federal taking" of property without just compensation.

3.    The second federal cause of action alleges a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs claim that the impact fee violates the Equal

2

Protection Clause because Defendants charge various classes of people different impact fees on an arbitrary, capricious, and irrational basis.

4. The third federal cause of action alleges unconstitutional condition and due process. Plaintiffs claim that Defendants' inclusion of land value in a calculation of impact fees is unconstitutional because land bears no relationship to impact on infrastructure.

5. The allegations made asserting a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, a violation of the Fifth Amendment of the United States Constitution, and unconstitutional condition and due process confer original jurisdiction on the United States District Court pursuant to 28 U.S.C. §1331, and the claims are subject to removal to this Court pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1453.

6. Plaintiffs' state law claims and their §1331 federal question claims may be properly joined under 28 U.S.C. §1367 and 28 U.S.C. §1441(c) and the entire case removed to the United States District Court.

7. In accordance with 28 U.S.C. § 1391(b), venue is proper in this Court since the Defendants are residents of or located in Baldwin County, Alabama, and the events or omissions allegedly giving rise to the claims occurred in this district.

8. The Notice of Removal is filed within the thirty (30) day time limit established by 28 U.S.C. §1446(b).

3

9.    Filed concurrently herewith are copies of all processes, pleadings and other orders served upon the Defendants in compliance with 28 U.S.C. §1446(a) and 28 U.S.C. §1447(b).

Respectfully submitted:

**s/Andrew J. Rutens**
ANDREW J. RUTENS  (RUT009)
arutens@gallowayllp.com
LAWRENCE M. WETTERMARK  (WET002)
lwettermark@gallowayllp.com
MOSHAE E. DONALD (DON044)
mdonald@gallowayllp.com
GALLOWAY, WETTERMARK
    & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251)476-4493 - FX: (251)479-5566
*Attorneys for the City of Orange Beach, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Kristopher O. Anderson, Esq.
Daniel Harrell, Esq.

**s/Andrew J. Rutens**

4